FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIONICIO VILLARREAL,<br><br>    Petitioner,<br><br>    v.<br><br>NO NAMED RESPONDENT,<br><br>    Respondent. | 4:20-CV-05246-SAB<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION** |

    Petitioner, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The $5.00 filing fee has been paid.

### PROPER RESPONDENT

    An initial defect with the Petition is that it fails to name a proper party as a respondent. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360. While Petitioner could conceivably remedy this issue, the Court finds the additional deficiencies discussed below would make amendment futile.

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 1**

**EXHAUSTION REQUIREMENT**

Petitioner challenges an unspecified Benton County conviction from 2009. ECF No. 1 at 1. Petitioner states that he entered a guilty plea "after illegal charges were brought against [him]." *Id.* at 3. Petitioner contends that there was "no presentment or indictment by a grand Jury." *Id.* at 2. He provides no other information regarding his sentence or an appeal. Indeed, Petitioner indicates that he did not pursue an appeal. *Id.*

As his first ground for federal habeas relief, Petitioner argues the State of Washington engaged in "willful defiance of the established process set forth in and by the United States Constitution." ECF No. 1 at 6. Petitioner contends that Article I Section 26 of the Washington State Constitution directly contradicts the right to "presentment or indictment of a Grand Jury," under the Fifth Amendment of the U.S. Constitution. *Id.* at 7.

In ground two, Petitioner asserts, "The State of Washington is denying its residents the Constitutionally guaranteed rights available to residents of the several States." ECF No. 1 at 7. In ground three, he contends that he has not been duly convicted of any crime and has been enslaved and forced into involuntary servitude in violation of the Thirteenth Amendment. *Id.* In ground four, Petitioner complains that no "bill of indictment has been brought against [him]," rendering the charges against him fraudulent and illegal. *Id.* at 8.

Petitioner states that he has not presented his claims in the state courts because "the state has no jurisdiction authority over Federal Constitutional matters." ECF No. 1 at 8. Contrary to Petitioner's assertion, it has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 2**

1  law void if it violate that instrument."); *see also Worldwide Church of God v.*
2  *McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as
3  competent as federal courts to decide federal constitutional matters). Therefore,
4  Petitioner's arguments to the contrary lack merit.
5      Additionally, before a federal court may grant habeas relief to a state
6  prisoner, the prisoner must exhaust the state court remedies available to him. 28
7  U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally
8  requires that a prisoner give the state courts an opportunity to act on his claims
9  before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S.
10 838 (1999). A petitioner has not exhausted a claim for relief so long as the
11 petitioner has a right under state law to raise the claim by available procedure. *See*
12 *Id.*; 28 U.S.C. § 2254(c).
13     To meet the exhaustion requirement, the petitioner must have "fairly
14 present[ed] his claim in each appropriate state court (including a state supreme
15 court with powers of discretionary review), thereby alerting that court to the
16 federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*,
17 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to the state court
18 by describing the factual or legal bases for that claim and by alerting the state court
19 "to the fact that the ... [petitioner is] asserting claims under the United States
20 Constitution." *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249
21 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in
22 state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513
23 U.S. at 365–366.
24     Furthermore, to fairly present a claim, the petitioner "must give the state
25 courts one full opportunity to resolve any constitutional issues by invoking one
26 complete round of the State's established appellate review process." *O'Sullivan*,
27 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts,
28 the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 3**

(1971). It appears from the face of the Petition that Petitioner has not exhausted his state court remedies as to each of his grounds for relief.

As to Petitioner's asserted grounds for relief, the United States Supreme Court stated long ago: "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). Consequently, Petitioner's assertions to the contrary presented in his grounds for federal habeas relief are legally frivolous.

Because it plainly appears from the petition that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. **IT IS FURTHER ORDERED** that all pending Motions are **DENIED as moot.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 23rd day of February 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 4**